UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **GREGORY D. ROBERSON** | * | **DOCKET NO. 07-1100** |
| **VERSUS** | * | **JUDGE WALTER** |
| **SOUTHWEST FREIGHT LINES, ET AL.** | * | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

Before the court is a motion to dismiss for improper venue [doc. # 3] filed by defendants, Benny H. Burnham and Great West Casualty Co., Inc. The motion was referred to the undersigned for decision in accordance with 28 U.S.C. § 636(b)(1)(A). For reasons assigned below, it is recommended that the motion to dismiss be DENIED, but that this case be transferred to the United States District Court for the Eastern District of Texas, Tyler Division.

### Background

On July 15, 2006, Gregory D. Roberson was driving a tractor trailer rig on Interstate 20 in Smith County, Texas when he struck a tractor trailer rig operated by Benny Burnham. (Complaint, ¶¶ 3-5). Roberson contends that the accident was caused by Burnham's sudden deceleration. *Id*. at ¶ 5. Accordingly, on June 29, 2007, Roberson filed the above-captioned complaint in the U.S. District Court for the Western District of Louisiana on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[1] Made defendants were Burnham; Burnham's employer, Southwest Freight Lines; and the latter's liability insurer, Great West Casualty Co., Inc. ("Great West"). (Compl., ¶ 2). Roberson seeks recovery for the grievous and painful injuries that he suffered as a result of the accident. *Id*. at ¶ 5.

---

[1] Plaintiff's Second Amended Complaint establishes diversity jurisdiction.

On August 7, 2007, Burnham and Great West filed the instant motion to dismiss for improper venue. Fed.R.Civ.P. 12(b)(3). Following delays for briefing and to ensure the existence of federal subject matter jurisdiction,[2] the matter is now before the court.

## Discussion

A civil action premised upon diversity jurisdiction may be brought only in

(1)  a judicial district where any defendant resides, if all defendants reside in the same State,

(2)  a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3)  a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Plaintiff does not invoke venue pursuant to § 1391(a)(1).[3] Instead, he argues that under §1391(a)(2) venue is proper in the Western District of Louisiana because his "damaged body" and the majority of the evidence concerning same are located here. 28 U.S.C. § 1391(a)(2). Nonetheless, courts have consistently held that the situs of the accident is the determining factor for § 1391(a)(2), – not the place where the plaintiff received treatment or continued to suffer disability. *Joseph v. Emmons*, 2005 WL 757358 (E.D. La. 3/23/05); *Jenkins v. Georgia-Pacific Co.*, 2002 WL 638561 (E.D. La. 4/17/02); and *Smith v. Fortenberry*, 903 F. Supp. 1018, 1021 (E.D. La. 11/20/1995).[4] Accordingly, § 1391(a)(2) does not authorize venue in this district.

---

[2] *See*, Orders dated August 14 & 20, 2007.

[3] All defendants do not reside in one state. (*See*, Second Amended Complaint., ¶ 2).

[4] Plaintiff cites two supporting cases, *Shane Matherne Enterprises, Inc. v. Sokolic*, 2006 WL 622821 (E.D. La. 3/6/06); and *Cypress Drilling, Inc. v. Griffin*, 2006 WL 2177992 (W. D.

Plaintiff further argues that venue is proper here under §1391(a)(3). He argues that diversity jurisdiction would be lacking in Texas because one of the defendants is a Texas resident. Plaintiff apparently is confusing the rule that only non-resident defendants have the right to **remove** an action with the rule that any plaintiff may bring suit in federal court on the basis of diversity of citizenship. Diversity jurisdiction depends upon the citizenship of the parties and the amount in controversy. When, as here, complete diversity appears on the face of the complaint (or amended complaints), the parties' citizenship does not change simply because the case is transferred to another state. This action could, and should have been brought in the Eastern District of Texas under § 1391(a)(2).[5] Thus, by its own terms, § 1391(a)(3) is inapplicable, and venue does not lie in the Western District of Louisiana.

When venue is improper, the district court shall dismiss the case, or "in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Defendants urge dismissal. However, dismissal and re-filing are a time-consuming and inefficient process. *See, Smith*, 903 F. Supp. at 1021-1022. The interests of justice are best served by transferring this case to the Eastern District of Texas, Tyler Division. *Id.*, *Joseph, supra*.

---

La. 7/31/06). However, neither case involved personal injury. Moreover, in *Cypress Drilling*, the issue was not whether venue was proper in the districts at issue, but whether the matter should be transferred to another district for the convenience of the parties and witnesses under 28 U.S.C. § 1404(a). *Cypress Drilling, Inc., supra*.

[5] There is no indication that defendants are not subject to personal jurisdiction in Texas. In his response to the motion, plaintiff stated that defendant, Burnham, drove for a Louisiana company. (Pl. Memo., pg. 3). In his complaint, however, plaintiff alleged that Southwest Freight Lines, Inc. was a Tennessee corporation, with its principal place of business in Tennessee. (2d Amend. Compl., ¶ 2). The court will defer to the jurisdictional allegations set forth in the complaint.

For the reasons stated above,

IT IS RECOMMENDED that defendants, Benny H. Burnham and Great West Casualty Co., Inc.'s motion to dismiss [doc. # 3] be DENIED and that this case be TRANSFERRED to the United States District Court for the Eastern District of Texas, Tyler Division. 28 U.S.C. § 1406(a).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 31st day of August, 2007.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE